142 F.3d 442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Nelson BLAIR, Plaintiff-Appellant,
v.
J. Lynch, A Correctional officer and Sergeant at San
Quentin, Defendant-Appellee.
 No. 97-15349.
D.C. No. CV-94-03000-DLJ.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998**.
Decided April 22, 1998.
 
 Appeal from the United States District Court for the Northern District of California D. Lowell Jensen, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Nelson Blair, an inmate at San Quentin State Prison, appeals pro se the district court's grant of summary judgment in favor of prison guard James A. Lynch in Blair's 42 U.S.C. § 1983 action alleging violation of his Eighth and Fourteenth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo. See Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We agree with the district court that Blair failed to establish that defendant was deliberately indifferent to his basic needs, see Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), or that defendant deprived Blair of a constitutional or state-created liberty interest, see Sandin v. Conner, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Moreover, the defendant was entitled to qualified immunity. See Act Up!/ Portland v. Bagley, 988 F.2d 868, 871-72 (9th Cir.1993).
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Blair's motion for costs is denied